694 P.2d 517

**Ford ARMSTRONG, Plaintiff-Appellant,**

v.

**Rhonda REYNOLDS, Personal Representative of the Estate of Glynn Reynolds, Deceased, Defendant-Appellee.**

and

**Bud REYNOLDS, Plaintiff-Intervenor-Appellant,**

v.

**Rhonda REYNOLDS, Personal Representative of the Estate of Glynn Reynolds, Deceased, Defendant-Appellee.**

**No. 15449.**

Supreme Court of New Mexico.

Jan. 24, 1985.

Templeman & Crutchfield, C. Barry Crutchfield, Lovington, Sarah M. Singleton, Santa Fe, for appellants.

Morris Stagner, Clovis, Winston Roberts-Hohl, Santa Fe, for defendant-appellee.

**OPINION**

STOWERS, Justice.

Appellants, Ford Armstrong and Bud Reynolds, filed a complaint for damages, accounting, and establishment of a constructive trust upon real property. Trial was to a jury; however, at the end of appellants' case, the trial court directed a verdict for appellee, Rhonda Reynolds. Ford Armstrong and Bud Reynolds appeal. We affirm.

Appellants raise one issue: that a directed verdict is improper where there is conflicting evidence on the material issue of whether the parties intended to be partners.

The record shows that Glynn Reynolds purchased farm property in New Mexico, in the name of ARR Land and Cattle Co., a partnership. The property was subsequently transferred to Glynn Reynolds, a single man. Glynn Reynolds borrowed money to purchase the property and to make improvements on the property. The title policy indicates that the first mortgage

was executed "by R. Glynn Reynolds, a single person, dba ARR Land and Cattle Company." The right-of-way easement and application for electric service and/or for membership in the Roosevelt County Electric Cooperative are also in the name of Glynn Reynolds.

The record further indicates that neither Bud Reynolds nor Ford Armstrong contributed financially to the operation. They also testified that they weren't assuming any of the debts or any of the losses. Finally, Bud Reynolds stated that while his brother, Glynn, was alive, Glynn never fraudulently deprived Bud of property. Bud Reynolds filed a motion to intervene in the lawsuit only after the death of Glynn Reynolds, which was approximately one year after the original complaint had been filed by Ford Armstrong. After Glynn Reynolds' death, Rhonda Reynolds, the personal representative of his estate, was substituted in the action.

The Uniform Partnership Act, NMSA 1978, Sections 54–1–1 to –43, governs partnerships in New Mexico. A partnership is defined as "an association of two or more persons to carry on as co-owners a business for profit." § 54–1–6. The Act also provides rules for determining the existence of a partnership, § 54–1–7, denotes the nature of a partner's liability, § 54–1–15, and sets forth rules determining rights and duties of partners, § 54–1–18. This Court has stated that in the absence of a written partnership agreement, "a *pattern of conduct*, such as the sharing of profits and expenses of the business, filing of partnership tax forms, previous execution of contracts on behalf of the partnership, and control of a partnership bank account will suffice to show the creation of a partnership relationship." *Dotson v. Grice*, 98 N.M. 207, 209, 647 P.2d 409, 411 (1982) (emphasis in original).

The pattern of conduct in this case indicates that a partnership relationship never existed. None of the factors which would suffice to show the creation of a partnership relationship were present. The facts show that Glynn Reynolds was responsible for the operation. There was no sharing of profits or losses of the operation. Moreover, Glynn Reynolds made all decisions regarding the operation, and neither Bud Reynolds nor Ford Armstrong had the authority to act for a partnership. We agree with the trial court that "the facts conclusively show that Mr. Glynn Reynolds was, in his beneficence, willing to share part of the profits from that piece of property, if, in fact, there were ever any, and that's all we have here."

When no true issues of fact have been presented, the trial court may properly remove the case from consideration by the jury. *Loucks v. Albuquerque National Bank*, 76 N.M. 735, 418 P.2d 191 (1966). Moreover, a function of the trial court is to determine whether there is sufficient evidence to raise a question of fact to be submitted to the jury. *Id.* In the present case, the trial court correctly determined that there was insufficient evidence from which a jury could find that a partnership relationship existed.

We affirm the trial court's directed verdict.

IT IS SO ORDERED.

RIORDAN and WALTERS, JJ., concur.